# NO. 12-20-00040-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RAYMOND DOYLE GILBERT,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Relator Raymond Gilbert, acting pro se, filed this petition for writ of mandamus to compel Respondent to preserve certain trial evidence and consider motions related thereto.[1] We deny the petition.

On February 10, 2020, the Clerk of this court notified Relator that his petition for writ of mandamus failed to comply with Texas Rules of Appellate Procedure 52.3(a)–(c), (e), (g), (k), and 52.7. The notice further informed Relator that his petition would be referred to the court for dismissal unless he provided an amended petition and the record on or before February 20, 2020. On February 24, 2020, Relator filed a supplemental brief, in which he sought to comply with the aforementioned subsections of Rule 52.3. However, Relator still has not filed a mandamus record with this court to correct the defects identified pursuant to Rule 52.7 in the February 10, 2020, notice.

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. *See* TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a

---

[1] Respondent is the Honorable R. Scott McKee, Judge of the 392nd District Court of Henderson County, Texas. Mark W. Hall is a Real Party in Interest.

properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

It is a relator's burden to provide this court with a record sufficient to establish the right to mandamus relief. *See In re Mack*, No. 12-19-00238-CV, 2019 WL 3024757, at *1 (Tex. App.–Tyler July 10, 2019, orig. proceeding (mem op.); *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication). In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief. *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (mem. op., not designated for publication).

Accordingly, because Relator's petition fails to comply with the appellate rules, he presents nothing for this court to review. Therefore, we ***deny*** his petition for writ of mandamus.

Opinion delivered February 28, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2020**

**NO. 12-20-00040-CR**

**RAYMOND DOYLE GILBERT,**
Relator
V.

**HON. R. SCOTT MCKEE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Raymond Doyle Gilbert; who is the relator in Cause No. CR17-0194-392, pending on the docket of the 392nd District Court Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on February 10, 2020, and the same having been duly considered, it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*